## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

LUCY CLARK                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:26CV102-DMB-RP

MICHAEL ROSENTHAL, et al.                                                    DEFENDANTS

### REPORT AND RECOMMENDATION

The plaintiff Lucy Clark has filed this *pro se* action against Michael Rosenthal and Kevin McClanahan. Because the plaintiff is seeking leave to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for the *sua sponte* dismissal of the complaint if the court finds it is "frivolous or malicious" or if it "fails to state a claim on which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). For the reasons below, the undersigned magistrate judge recommends that the plaintiff's complaint be dismissed on both grounds.

The plaintiff's one-page complaint alleges, in its entirety, that "Defendant Kevin McClanahan violated due process," and that "Defendant Michael Rosenthal conspired with Kevin Mcclanahan [sic]." ECF 1. These blanket assertions fall far short of a plausible claim. The plaintiff provides no facts in support of her allegations. Conclusory allegations or legal conclusions masquerading as factual conclusions are insufficient to state a claim. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

1

Therefore, the undersigned RECOMMENDS that the plaintiff's complaint be DISMISSED as frivolous and for failure to state a claim on which relief may be granted.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. U. Civ. R. 72(a)(3) for the appropriate procedure in the event she desires to file an objection to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court. . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

This, the 29th day of April, 2026.

/s/ Roy Percy_____
UNITED STATES MAGISTRATE JUDGE

2